

# NUMBER 13-25-00077-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

FEDERICO JAVIER AMAYA,                                              Appellant,

v.

THE STATE OF TEXAS,                                                Appellee.

## ON APPEAL FROM THE 485TH DISTRICT COURT
## OF TARRANT COUNTY, TEXAS

# MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Cron and Fonseca**
**Memorandum Opinion by Justice Cron**

A jury convicted appellant Federico Javier Amaya of continuous sexual abuse of a child under age fourteen, a first-degree felony, and indecency with a child by contact, a second-degree felony. *See* TEX. PENAL CODE ANN. §§ 21.02(b), 21.11(d). The trial court sentenced him to confinement for life for the continuous sexual abuse charge and twenty

years' confinement, to be served concurrently, for the indecency with a child charge. *See id.* §§ 12.33, 21.02(h); TEX. GOV'T CODE ANN. § 508.145(a). Appellant's court-appointed counsel has filed an *Anders* brief stating that there are no arguable grounds for appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967). We affirm the trial court's judgments.[1]

## I.     *ANDERS* BRIEF

Pursuant to *Anders v. California*, appellant's court-appointed appellate counsel filed a brief and a motion to withdraw with this Court, stating that his review of the record yielded no grounds of reversible error upon which an appeal could be predicated. *See id.* Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities." (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.))); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014), appellant's counsel carefully discussed why, under controlling authority, there is no

---

[1] This appeal was transferred to us from the Second Court of Appeals in Fort Worth pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. §§ 22.220(a) (delineating the jurisdiction of appellate courts), 73.001 (granting the supreme court the authority to transfer cases from one court of appeals to another at any time that there is "good cause" for the transfer). We are bound by the precedent of the transferring court to the extent that it conflicts with our own. *See* TEX. R. APP. P. 41.3.

reversible error in the trial court's judgments. Appellant's counsel also informed this Court in writing that he: (1) notified appellant that counsel has filed an *Anders* brief and a motion to withdraw; (2) provided appellant with copies of both pleadings; (3) informed appellant of his rights to file a pro se response, to review the record prior to filing that response, and to seek discretionary review if we conclude that the appeal is frivolous; and (4) provided appellant with a form motion for pro se access to the appellate record that only requires appellant's signature and date. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20; *see also In re Schulman*, 252 S.W.3d at 408–09. In this case, appellant filed neither a timely motion seeking pro se access to the appellate record nor a motion for extension of time to do so. Appellant did not file a pro se response.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the record and counsel's brief, and we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 511.

## III. MOTION TO WITHDRAW

In accordance with *Anders*, appellant's counsel has asked this Court for permission to withdraw as counsel. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17. We grant counsel's motion to withdraw. Within five

days from the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to appellant and to advise him of his right to file a petition for discretionary review.[2] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

### IV.    CONCLUSION

We affirm the trial court's judgments.

JENNY CRON
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
20th day of November, 2025.

---

[2] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Clerk of the Texas Court of Criminal Appeals. *See id.* R. 68.3. Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See id.* R. 68.4.